# EXHIBIT A

U.S. Department of Homeland Security
Citizenship and Immigration Services

## Notice of Referral to Immigration Judge

A

| Place of Detention:<br>c/o DHS Imperial Regional Detention Facility<br>1572 Gateway Road<br>Calexico, CA 92231<br>760-618-7200 | Date<br><br>August 30, 2019 |
| --- | --- |
| | A File<br><br>A 201740749 |
| Name<br><br>KAUR, Jaspreet | Country of Citizenship<br><br>India |
| Place and Manner of Arrival<br><br>Unknown; Unknown | Date of Arrival<br><br>Unknown |

To immigration judge:

☒ 1. The above-named alien has been found inadmissible to the United States and ordered removed pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act). A copy of the removal order is attached. The alien has requested asylum and/or protection under the Convention against Torture and the matter has been reviewed by an asylum officer who has concluded the alien does not have a credible fear of persecution or torture. The alien has requested a review of that determination in accordance with section 235(b)(1)(B)(iii)(III) of the Act and 8 CFR § 208.30(g).

☐ 2. The above-named alien arrived in the United States as a stowaway and has been ordered removed pursuant to section 235(a)(2) of the Act. The alien has requested asylum or withholding of removal under the Convention against Torture and the matter has been reviewed by an asylum officer who has concluded the alien does not have a credible fear of persecution or torture. The alien has requested a review of that determination in accordance with section 235(b)(1)(B)(iii)(III) of the Act.

☐ 3. The above-named alien arrived in the United States in the manner described below and has requested asylum and/or withholding of removal under the Convention against Torture. The matter is referred for a determination in accordance with 8 CFR 208.2(c) (arrival categories) (check one):

☐ Crewmember/applicant          ☐ Crewmember/refused          ☐ Crewmember/landed

☐ Crewmember/violator           ☐ VWP/applicant              ☐ VWP/violator

☐ 235(c) order                  ☐ S-visa nonimmigrant        ☐ Stowaway: credible fear determination attached

☐ 4. The above-named alien has been ordered removed by an immigration officer pursuant to section 235(b)(1) of the Act. A copy of the removal order is attached. In accordance with section 235(b)(1)(C) of the Act, the matter is referred for review of that order. The above-named alien claims to be (check one):

☐ a United States citizen                              ☐ a lawful permanent resident alien

☐ an alien granted refugee status under section 207 of the Act     ☐ an alien granted asylum under section 208 of the Act

☐ 5. The above-named alien has been ordered removed pursuant to section 238(b) of the Act, or the Department of Homeland Security (DHS) has reinstated a prior exclusion, deportation, or removal order of the above-named alien pursuant to section 241(a)(5) of the Act. A copy of the removal order and, if applicable, the notice of reinstatement, are attached. The alien has expressed fear of persecution or torture and the claim has been reviewed by an asylum officer who has concluded the alien does not have a reasonable fear of persecution or torture. The alien has requested a review of that determination in accordance with 8 CFR §§ 208.31(f) and (g).

☐ 6. The above-named alien has been ordered removed pursuant to section 238(b) of the Act, or the DHS has reinstated a prior exclusion, deportation, or removal order of the above-named alien pursuant to section 241(a)(5) of the Act. A copy of the removal order and, if applicable, the notice of reinstatement, are attached. The alien has expressed fear of persecution or torture and the claim has been reviewed by an asylum officer who has concluded the alien has a reasonable fear of persecution or torture. The matter is referred for a determination in accordance with 8 CFR § 208.31(e).

☐ 7. The Secretary of Homeland Security has determined that the release from custody of the above-named alien who is under a final order of removal would pose a special danger to the public according to the standards set in 8 CFR § 241.14(f)(1). The DHS has therefore invoked procedures to continue the alien's detention even though there is no significant likelihood that the alien will be removed from the United States in the reasonably foreseeable future. The matter is referred to the immigration judge for a review of this determination in accordance with 8 CFR § 241.14 (g).

Form I-863 (rev. 08/01/07)

U.S. Department of Homeland Security
Citizenship and Immigration Services

**Notice of Referral to Immigration Judge**

### NOTICE TO APPLICANT

You are ordered to report for a hearing before an immigration judge for the reasons stated above. Your hearing is scheduled on:

| To Be Determined | at | To Be Determined | . You are to appear at: _____ |
|---|---|---|---|
| **(Date)** | | **(Time)** | |

Imperial Immigration Court, 1572 Gateway Road, Calexico, CA 9223
**(Complete Office Address)**

☒ You may be represented in this proceeding, at no expense to the government, by an attorney or other individual authorized and qualified to represent persons before an Immigration Court. If you wish to be so represented, your attorney or representative should appear with you at this hearing. In the event of your release from custody, you must immediately report any change of your address to the Immigration Court on Form EOIR-33, which is provided with this notice. If you fail to appear for a scheduled hearing, a decision may be rendered in your absence.

☒ You may consult with a person or persons of your own choosing prior to your appearance in Immigration Court. Such consultation is at no expense to the government and may not unreasonably delay the process.

☒ Attached is a list of recognized organizations and attorneys that provide free legal service.

_____ **Supervisory Asylum Officer**
**(Signature and title of immigration officer)**

### CERTIFICATE OF SERVICE

☒ The contents of this notice were read and explained to the applicant in the ___Punjabi___ language.

☒ An original of this notice was delivered to the above-named applicant by the undersigned on ___08/__/2019___ and the alien has been advised of communication privileges pursuant to 8 CFR 236.1(e). Delivery was made:

☒ in person   ☐ by certified mail, return receipt requested # _____   ☐ by regular mail

_____ **Deportation Officer**
**(Signature and title of the immigration officer)**

**Attachments to copy presented to immigration judge:**

☐ Passport                                    ☒ Form I-860
☐ Visa                                        ☒ Form I-869
☐ Form I-94                                   ☐ Form I-898
☐ Forensic document analysis                  ☐ Asylum officer's reasonable fear determination worksheet (I-899)
☐ Fingerprints and photographs                ☒ Asylum officer's credible fear determination worksheet (I-870)
☐ EOIR-33
☐ FOR 8 CFR 241.14(f) CASES ONLY: Written statement including summary of the basis for the Secretary's determination to continue the alien in detention, and description of the evidence relied on in finding the alien especially dangerous (with supporting documents attached).
☐ FOR 8 CFR 241.14(f) CASES ONLY: Written notice advising the alien of initiation of proceedings and informing alien of procedures governing the Reasonable Cause Hearing at 8 CFR 241.14(h).
☐ Other (specify): _____

Form I-863 (rev. 08/01/07)

**U.S. Department of Homeland Security**
Citizenship and Immigration Services

## Record of Negative Credible Fear Finding
## and Request For Review by Immigration Judge

Alien File Number:    **A201740749**

1.    **To be explained to the alien by the asylum officer:**

U.S. Citizenship and Immigration Services (USCIS) has determined that you do not have a credible fear of persecution or torture pursuant to 8 CFR 208.30 for the following reason(s):

A. ☒   You have not established a credible fear of persecution in your country of nationality, country of last habitual residence, or a country to which you have been ordered removed because:

- ☐   You have not indicated that you were harmed in the past and you have not expressed fear of future harm.
- ☐   There is no significant possibility that you could establish in a full hearing that the harm you experienced and/or the harm you fear is on account of your race, religion, nationality, political opinion, or membership in a particular social group.
- ☒   You have not indicated that you were harmed in the past, and there is no significant possibility that you could establish in a full hearing that the harm you fear is well founded.
- ☐   There is no significant possibility that you could establish in a full hearing that the harm you experienced or fear was/is sufficiently serious to amount to persecution.
- ☐   There is no significant possibility that you could establish in a full hearing that the entity that harmed you or would harm you was/is an agent of the government or an entity the government was/is unable or unwilling to control.

**AND**

☒   You have not established a credible fear of torture in a country to which you have been ordered removed because you have not established that there is a significant possibility that:

- ☒   You would suffer severe physical or mental pain or suffering.
- ☐   The harm you fear would be specifically intended to inflict severe physical or mental pain or suffering.
- ☐   The harm you fear would be inflicted by or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity.
- ☐   The harm you fear would be inflicted while you are in the custody or physical control of the offender.
- ☐   The harm you fear would not arise only from, would not be inherent in, and would not be incidental to, lawful sanctions.

B. ☐   Considering the totality of the circumstances and all relevant factors, you have not established that your testimony is credible.

Therefore, you are ordered removed from the United States.  You may request that an Immigration Judge review this decision.

If you request that an Immigration Judge review this decision, you will remain in detention until an Immigration Judge reviews your case.  That review could occur as long as 7 days after you receive this decision.

If you do not request that an Immigration Judge review the decision, you may be removed from the United States immediately.

2.    **To be completed by the alien:**

☒   Yes, I request Immigration Judge review of the decision that I do not have a credible fear of persecution or torture.

☐   No, I do not request Immigration Judge review of the decision that I do not have a credible fear of persecution or torture.

| KAUR | Jaspreet | _Jaspreet Kaur_ |
| Applicant's Last Name/ Family Name (Print) | Applicant's First Name (Print) | Applicant's Signature |
| K VAHMAN | CHARLES V. | 08/30/2019 |
| Asylum Officer's Last Name (Print) | Asylum Officer's First Name, (Print) | Date |

The contents of this form were read and explained to the applicant in the    Punjabi    language

Interpreter used: YES    TP #174367

☐ By telephone (list interpreter service /ID number used    _____).

☐ In person (I, _____, certify that I am fluent in both the _____ and English languages.  I interpreted the above information completely and accurately to the alien.)

| | |
| Interpreter's Signature | Date |

5

Form I-869 (02/15/17)

Department of Homeland Security
U.S. Citizenship and Immigration Services

# Record of Determination/Credible Fear Worksheet

| SND | ZAR | 201740749 | KAUR |
|---|---|---|---|
| District Office Code | Asylum Office Code | Alien's File Number | Alien's Last/ Family Name |
| Tipton | Dax | India | |
| Asylum Officer's Last Name | Asylum Officer's First Name | Alien's Nationality | |

## *All statements in italics must be read to the applicant*

### SECTION I:
### INTERVIEW PREPARATION

| | | | | |
|---|---|---|---|---|
| 1.1 | 6/5/2019 | 1.2 | At or near Unknown | |
| | Date of arrival [MM/DD/YY] | | Port of arrival | |
| 1.3 | 6/5/2019 | 1.4 | Imperial Regional Detention Facility 1572 Gateway Road, Calexico, CA 92231 | |
| | Date of detention [MM/DD/YY] | | Place of detention | |
| 1.5 | 6/10/19 | 1.6 | N/A | |
| | Date of AO orientation [MM/DD/YY] | | *If orientation more than one week from date of detention, explain delay* | |
| 1.7 | 6/10/2019 | 1.8 | ZAR (Telephonic) | |
| | Date of interview [MM/DD/YY] | | Interview site | |

1.9 ☒ Applicant received and signed Form M-444 and relevant *pro bono* list on      6/10/19
                                                                    Date signed [MM/DD/YY]

1.10 Does applicant have consultant(s)?     ☐ Yes    ☒ No

     1.11    If yes, consultant(s) name, address, telephone number and relationship to applicant

1.12 Persons present at the interview (check which apply)

     1.13   ☐   Consultant(s)

     1.14   ☐   Other(s), list:

     1.15   ☒   No one other than applicant and asylum officer

1.16 Language used by applicant in interview:      Punjabi

| | | | | | | |
|---|---|---|---|---|---|---|
| 1.17 | Language Line # 209399 | ☒ Yes | ☐ No | 11:10 AM | 12:59 PM | |
| | Interpreter Service, Interpreter ID Number. | Interpreter Has Forms | | Time Started | Time Ended | |
| 1.18 | | ☐ Yes | ☐ No | | | |
| | Interpreter Service, Interpreter ID Number. | Interpreter Has Forms | | Time Started | Time Ended | |
| 1.19 | | ☐ Yes | ☐ No | | | |
| | Interpreter Service, Interpreter ID Number. | Interpreter Has Forms | | Time Started | Time Ended | |

1.20 ☒ Interpreter was not changed during the interview

1.21 ☐ Interpreter was changed during the interview for the following reason(s):

     1.22   ☐ Applicant requested a female interpreter replace a male interpreter, or *vice versa*

     1.23   ☐ Applicant found interpreter was not competent     1.24 ☐ Applicant found interpreter was not neutral

     1.25   ☐ Officer found interpreter was not competent     1.26 ☐ Officer found interpreter was not neutral

     1.27   ☐ Bad telephone connection

1.28 ☒ Asylum officer read the following paragraph to the applicant at the beginning of the interview:

*The purpose of this interview is to determine whether you may be eligible for asylum or protection from removal to a country where you fear persecution or torture. I am going to ask you questions about why you fear returning to your country or any other country you may be removed to. It is very important that you tell the truth during the interview and that you respond to all of my questions. This may be your only opportunity to give such information. Please feel comfortable telling me why you fear harm. U.S. law has strict rules to prevent the disclosure of what you tell me today about the reasons why you fear harm. The information you tell me about the reasons for your fear will not be disclosed to your government, except in exceptional circumstances. The statements you make today may be used in deciding your claim and in any future immigration proceedings. It is important that we understand each other. If at any time I make a statement you do not understand, please stop me and tell me you do not understand so that I can explain it to you. If at any time you tell me something I do not understand, I will ask you to explain.*

**A201740749**

<u>SECTION II:</u>                                        <u>BIOGRAPHIC INFORMATION</u>

| | |
|---|---|
| 2.1 | KAUR |
| | Last Name/ Family Name [ALL CAPS] |

| | | | |
|---|---|---|---|
| 2.2 | Jaspreet | 2.3 | |
| | First Name | | Middle Name |

| | | | |
|---|---|---|---|
| 2.4 | 11/5/1999 | 2.5 | Female |
| | Date of birth [MM/DD/YY] | | Gender |

| | |
|---|---|
| 2.6 | |
| | Other names and dates of birth used |

| | | | |
|---|---|---|---|
| 2.7 | India | 2.8 | India |
| | Country of birth | | Country (countries) of citizenship (list all) |

| | |
|---|---|
| 2.9 | Siana Saidan, Kurkshetra, Haryana, India |
| | Address prior to coming to the U.S. (List Address, City/Town, Province, State, Department and Country). |

| | | | | | |
|---|---|---|---|---|---|
| 2.10 | Punjabi | 2.11 | Sikh | 2.12 | Punjabi |
| | Applicant's race or ethnicity | | Applicant's religion | | All languages spoken by applicant |

2.13   Marital status:   ☒ Single   ☐ Married   ☐ Legally separated   ☐ Divorced   ☐ Widowed

2.14   Did spouse arrive with applicant?   ☐ Yes   ☐ No

2.15   Is spouse included in applicant's claim?   ☐ Yes   ☐ No

2.16   If currently married (including common law marriage) list spouse's name, citizenship, and present location (if with applicant, provide A-Number):

2.17   Children:   ☐ Yes   ☒ No

2.18   List any children (*Use the continuation section to list any additional children*):

| Date of birth (MM/DD/YY) | Name | Citizenship | Present location (If w/PA, list A-Numbers) | Did child arrive with PA? | | Is child included in PA's claim? | |
|---|---|---|---|---|---|---|---|
| | | | | ☐ Yes | ☐ No | ☐ Yes | ☐ No |
| | | | | ☐ Yes | ☐ No | ☐ Yes | ☐ No |
| | | | | ☐ Yes | ☐ No | ☐ Yes | ☐ No |
| | | | | ☐ Yes | ☐ No | ☐ Yes | ☐ No |

2.19   Does applicant claim to have a medical condition (physical or mental), or has the officer observed any indication(s) that a medical condition exists? If YES, answer questions 2.20 and 2.21 and explain below.   ☐ Yes   ☒ No

2.20   Has applicant notified the facility of medical condition?   ☐ Yes   ☐ No

2.21   Does applicant claim that the medical condition relates to torture?   ☐ Yes   ☐ No

2.22   Does the applicant have a relative, sponsor or other community ties, including spouse or child already listed above?   ☒ Yes   ☐ No

2.23   If YES, provide information on relative or sponsor (use continuation section, if necessary):

| | |
|---|---|
| Gagandeep Singh | Cousin |
| Name | Relationship |
| Unknown, Riverside, CA | 760-220-6202 |
| Address | Telephone Number |

☒ Citizen   ☐ Legal Permanent Resident   ☐ Other

Form I-870 (Rev. 11/21/03) N Page 2

**A201740749**

<table>
<tr><td>**SECTION III:**</td><td>**CREDIBLE FEAR INTERVIEW**</td></tr>
</table>

**THE FOLLOWING NOTES ARE NOT A VERBATIM TRANSCRIPT OF THIS INTERVIEW. THESE NOTES ARE RECORDED TO ASSIST THE INDIVIDUAL OFFICER IN MAKING A CREDIBLE FEAR DETERMINATION AND THE SUPERVISORY ASYLUM OFFICER IN REVIEWING THE DETERMINATION. THERE MAY BE AREAS OF THE INDIVIDUAL'S CLAIM THAT WERE NOT EXPLORED OR DOCUMENTED FOR PURPOSES OF THIS THRESHOLD SCREENING.**
The asylum officer must elicit sufficient information related to both credible fear of persecution and credible fear of torture to determine whether the applicant meets the threshold screening. Even if the asylum officer determines in the course of the interview that the applicant has a credible fear of persecution, the asylum officer must still elicit any additional information relevant to a fear of torture. Asylum officers are to ask the following questions and may use the continuation sheet if additional space is required. If the applicant replies YES to any question, the asylum officer must ask follow-up questions to elicit sufficient details about the claim in order to make a credible fear determination.

3.1  a. *Have you or any member of your family ever been mistreated or threatened by anyone in any country to which you may be returned?*

☒ Yes    ☐ No

See Interview Notes

_____

_____

_____

b. *Do you have any reason to fear harm from anyone in any country to which you may be returned?*

☒ Yes    ☐ No

See Interview Notes

_____

_____

_____

c. If YES to questions *a* and/or *b*, was it or is it because of any of the following reasons? (Check each of the following boxes that apply).

☐ Race    ☐ Religion    ☐ Nationality    ☐ Membership in a particular social group    ☐ Political Opinion

See Interview Notes

_____

_____

3.2  ☒ At the conclusion of the interview, the asylum officer must read the following to applicant:

If the Department of Homeland Security determines you have a credible fear of persecution or torture, your case will be referred to an immigration court, where you will be allowed to seek asylum or withholding of removal based on fear of persecution or withholding of removal under the Convention Against Torture. The Field Office Director in charge of this detention facility will also consider whether you may be released from detention while you are preparing for your hearing. *If the asylum officer determines that you do not have a credible fear of persecution or torture, you may ask an Immigration Judge to review the decision. If you are found not to have a credible fear of persecution or torture and you do not request review, you may be removed from the United States as soon as travel arrangements can be made. Do you have any questions?*

3.3  ☒ At the conclusion of the interview, the asylum officer must read a summary of the claim, consisting of the responses to Questions 3.1 a-c and information recorded in the Additional Information/Continuation section, to applicant.

****Typed Question and Answer (Q&A) interview notes and a summary and analysis of the claim must be attached to this form for all negative credible fear decisions. These Q&A notes must reflect that the applicant was asked to explain any inconsistencies or lack of detail on material issues and that the applicant was given every opportunity to establish a credible fear.

A201740749

## SECTION IV:                      CREDIBLE FEAR FINDINGS

**A.      Credible Fear Determination:**

Credibility

4.1 ☒ ~~There is a significant possibility that the assertions underlying the applicant's claim could be found credible in a full asylum or withholding of removal hearing.~~ Applicant found credible.

4.2 ☐ Applicant found not credible because (check boxes 4.3–4.5, which apply):

  4.3 ☐ Testimony was internally inconsistent on material issues.
  4.4 ☐ Testimony lacked sufficient detail on material issues.
  4.5 ☐ Testimony was not consistent with country conditions on material issues.

Nexus

4.6 ☐ Race  4.7 ☐ Religion  4.8 ☐ Nationality  4.9 ☐ Membership in a Particular Social Group

(Define the social group):

4.10 ☐ Political Opinion  4.11 ☐ Coercive Family Planning [CFP]  4.12 ☒ No Nexus

Credible Fear Finding

4.13 ☐ Credible fear of persecution established.
   OR
4.14 ☐ Credible fear of torture established.
   OR
4.15 ☒ Credible fear of persecution NOT established and there is not a significant possibility that the applicant could establish eligibility for withholding of removal or deferral of removal under the Convention against Torture.

**B.      Possible Bars:**

4.16 ☐ Applicant could be subject to a bar(s) to asylum or withholding of removal (check the box(es) that applies and explain on the continuation sheet).

  4.17 ☐ Particularly Serious Crime  4.18 ☐ Security Risk  4.19 ☐ Aggravated Felon
  4.20 ☐ Persecutor  4.21 ☐ Terrorist  4.22 ☐ Firmly Resettled
  4.23 ☐ Serious Non-Political Crime Outside the United States

4.24 ☒ Applicant does not appear to be subject to a bar(s) to asylum or withholding of removal.

**C.      Identity:**

4.25 ☒ Applicant's identity was determined with a reasonable degree of certainty (check the box(es) that applies):

  4.26 ☒ Applicant's own credible statements. (If testimony is credible overall, this will suffice to establish the applicant's identity with a reasonable degree of certainty).
  4.27 ☐ Passport which appears to be authentic.
  4.28 ☐ Other evidence presented by applicant or in applicant's file (List): _____

4.29 ☐ Applicant's identity was not determined with a reasonable degree of certainty. (Explain on the continuation sheet.)

## SECTION V:        ASYLUM OFFICER / SUPERVISOR NAMES AND SIGNATURES

5.1 Tipton, D  
Asylum officer name and ID CODE (print)

5.2 *D. Tipton*  
Asylum Officer's Signature

5.3 8/14/2019  
Decision date

5.4 Elba Lumbi ZAPION  
Supervisory asylum officer name

5.5 Supervisor's Signature

5.6 8/15/19  
Date Supervisor Approved decision

A201740749

## ADDITIONAL INFORMATION/CONTINUATION

| See Notes |
|-----------|
|           |

A#: A201740749
NAME: KAUR, Jaspreet
COUNTRY: India

DATE: 08/14/19
AO: Tipton, CBP
OFFICE: ZAR

## CREDIBLE FEAR INTERVIEW NOTES

***NOTE: Credible Fear interviews are used to screen for possible asylum eligibility and not to develop every element of an applicant's protection claim. These Q & A interview notes are not intended to be a complete transcript of the Credible Fear Interview or a complete accounting of the applicant's asylum claim.***

███████████████████████████████████████████████████████

**INTERPRETER:** Punjabi, Language Line, #209399

**INTERPRETER'S OATH**

Q: Do you affirm you will truthfully, literally and fully interpret the questions asked by the asylum officer and the answers given by the applicant; you will not add to, delete from, comment on, or otherwise change the matter to be interpreted; and you will immediately notify the officer in this case if you become aware of your inability to interpret in a neutral manner on account of a bias for or against the applicant or the applicant's race, religion, nationality, membership in a particular social group, or political opinion?
A: I do

Q: Do you affirm that you will keep the information you learn today confidential and will not share it with anyone?
A: Yes [Interpreter Sworn In]

Q: Interpreter, please introduce yourself to the applicant and let him know that you've been sworn in and will keep everything discussed today confidential.

Q: [*To the Applicant*] Do you understand the interpreter well?
A: Yes

Q: Are you comfortable being interviewed in Punjabi with a male officer and male interpreter?
A: No, I have no problems.

Q: Do you speak any other languages?
A: Yes, I do speak Hindi. (applicant is also speaking English at times)

A#: A201740749                                                      DATE: 08/14/19
NAME: KAUR, Jaspreet                                               AO: Tipton, CBP
COUNTRY: India                                                       OFFICE: ZAR

## INTRODUCTION & OATH

Q: Hello, my name is Officer Tipton and I'll be conducting your credible fear interview.  We are talking today because you indicated that you are afraid to return to India.  Are you still afraid to go back?
A:  Yes, if I go to India there will be danger.

We'll discuss the reasons you're afraid a bit later. Since we have an interpreter on the line, please remember to speak clearly and loudly, and if you have a long answer, take pauses so the interpreter can accurately tell me everything you say.

Q: Before we continue, I'm going to place you under oath. That means you're making a promise to tell the truth. Please raise your right hand. Do you affirm the testimony you will provide will be the truth, the whole truth, and nothing but the truth?
A: Yes I swear [Applicant Sworn In]
Q: Thank you. You may lower your hand.

Q: What is your true and complete name?
A: Jaspreet Kaur

Q: Have you ever used or been known by any other names or aliases?
A: No

Q: What is your correct date of birth?
A: 11/05/1999

Q: Have you ever used any other dates of birth?
A: No

## ATTORNEY

Q: Do you have an attorney or consultant to represent you today?
A: No

Q: Did you receive a list of attorneys who may be able to represent you for free or a low cost?
A: I didn't get it.

Q:  During this interview, you have the right to have an attorney or consultant present if you would like one.  Are you comfortable proceeding with the interview today by yourself?
A: Yes, you can interview me.

Q: If you need a list of available attorneys, I can ask the detention center to provide one for you if you like.

A#: A201740749
NAME: KAUR, Jaspreet
COUNTRY: India

DATE: 08/14/19
AO: Tipton, CBP
OFFICE: ZAR

**A: Ok.**

## Form M-444 and Purpose of the Interview

**Q: Do you remember receiving the form explaining the CF process on June 10, 2019. It was read to you in Punjabi after you told an officer you were afraid to return to India?**
**A: Yes**

**Q: Did you understand the information in that form?**
**A: Yes**

**Q: The interpreter is going to read you a brief paragraph explaining the purpose of this interview.**

**[Interpreter read Section 1.28 from Form I-870]**
*The purpose of this interview is to determine whether you may be eligible for asylum or protection from removal to a country where you fear persecution or torture. I am going to ask you questions about why you fear returning to your country or any other country you may be removed to. It is very important that you tell the truth during the interview and that you respond to all of my questions. This may be your only opportunity to give such information. Please feel comfortable telling me why you fear harm. U.S. law has strict rules to prevent the disclosure of what you tell me today about the reasons why you fear harm. The information you tell me about the reasons for your fear will not be disclosed to your government, except in exceptional circumstances. The statements you make today may be used in deciding your claim and in any future immigration proceedings. It is important that we understand each other. If at any time I make a statement that you do not understand, please stop me and tell me you do not understand so that I may explain it to you. If at any time you tell me something I do not understand, I will ask you to explain.*

**Q: Did you understand everything the interpreter read to you?**
**A: Yes**

**Q: How are you feeling today?**
**A: Good, better.**

**Q: Are you comfortable speaking with me today?**
**A: Yes.**

**Q: How are you being treated in the detention facility?**
**A: All is good.**

**Q: Do you have any medical or other health-related conditions?**
**A: No, I have no medical conditions.**

A#: A201740749                                                              DATE: 08/14/19
NAME: KAUR, Jaspreet                                                       AO: Tipton, CBP
COUNTRY: India                                                             OFFICE: ZAR

Q: Have you taken any medications in the last 48 hours that may affect your ability to speak with me?
A: No.

Q: Are you alone in the room?
A: Yes.

**BIOGRAPHIC INFORMATION**

Q: Are you a native and citizen of India?
A: Yes

Q: Are you a citizen of any other country?
A: No

Q: Have you ever lived or resided in any other countries?
A: No

Q: What was your last address in India?
A: Siana, Saidan, District Kurkshetra, Haryana, India

Q: When did you leave India?
A: May 13th

Q: How did you travel out of India?
A: By Flight

Q: Did you travel with an Indian passport?
A: Yes

Q: What is your race or ethnic group?
A: Punjabi.

Q: What is your religion, if any?
A: Sikh

Q: Are you single, married, divorced, or living with a partner?
A: Single

Q: Do you have any children?
A: No.

A#: A201740749
NAME: KAUR, Jaspreet
COUNTRY: India

DATE: 08/14/19
AO: Tipton, CBP
OFFICE: ZAR

**Q: Who would you live with, in the United States, if you are released from the detention center?**
**A: Name: Gagandeep Singh**
   **Relationship: My Uncle Son, Cousin**
   **Location: Unknown address, Riverside, CA**
   **Phone#: 760-220-6202**
   **Immigration Status: United States Citizen.**

**Q: What is the highest level of education you have completed?**
**A: Bachelor's Degree of Commerce.**

**Q: What type of work did you do in India?**
**A: Nothing, I was a student.**

**Q: Did you ever have any work in India?**
**A: No.**

**ENTRY/ENCOUNTER INFORMATION**

**Q: Records indicate that you last entered the United States on or about June 5, 2019 near Calexico, CA. is that correct?**
**A: Yes**

**Q: What countries did you travel through in order to get to the United States?**
**A: India to Moscow, Moscow to Paris, Paris to Cancun.**

**Q: How did you travel through Cancun to the United States Border?**
**A: Domestic Flight to Hermosillo, MX**

**Q: Did you apply for immigration benefits in any of the countries you passed through?**
**A: No.**

**Q: Were you offered the ability to remain in any of these countries legally?**
**A: No.**

**Q: Was this the first time you entered the United States?**
**A: Yes**

**Q: Do you remember being interviewed by a U.S. Border Patrol Officer when you were detained?**
**A: No.**

A#: A201740749                                                    DATE: 08/14/19
NAME: KAUR, Jaspreet                                             AO: Tipton, CBP
COUNTRY: India                                                      OFFICE: ZAR

Q: I have a file that indicates when you were caught, they took your fingerprints and questioned you, do you recall that?
A: Yes.

Q: What did you tell the officer was the reason you came to the United States?
A: I have a family problem, I fear my stepmother.

Q: Were you telling the truth when you were speaking to the officer?
A: Yes.

Q: Were you comfortable talking to the officer?
A: Yes.

Q: Was an interpreter provided?
A: Yes.

Q: Did you understand the questions the officer asked?
A: Yes

Q: Were your answers to the interview questions read back to you?
A: Yes.

## REASONS FOR COMING TO THE U.S. & SUBSTANCE OF CLAIM FOR PROTECTION

Now, we are going to discuss your reasons for coming to the United States. I know that some of the questions I ask may be difficult or uncomfortable for you to answer. Please know that I'm asking specific questions in order to gather all the information I need to make a decision in your case.

Q: Please tell me why you left India.
A: I was very unhappy with my stepmother, she would misbehave with me and I would feel bad.

## PAST HARM

Q: Why are you afraid to return to India?
A: Because I could not go to my Relatives and if I did she would do something bad to me, she would threaten me for death? Because I used to live at the school boarding house and did not have much contact with these people. She tried to kill me once also.

Q: Has your stepmother ever harmed you physically?
A: Yes

Q: What happened?

A#: A201740749                                                    DATE: 08/14/19
NAME: KAUR, Jaspreet                                             AO: Tipton, CBP
COUNTRY: India                                                       OFFICE: ZAR

A: She choked me and wanted to kill me.

Q: Why did she want to kill you?
A: I lived in a hostel, there was no link between me and my step mother, when I would come home she would misbehave with me and use foul language with me; she had no child and she did not treat me like her own child.

Q: Why did she treat you this way?
A: When my father married this lady I was not at home, I came to know it after a year. When I came home my real mother informed me, she told me this stepmother of mine behaved badly with her and tried to kill her. When I wanted my real mother to stay in the same house it was not allowed. She had no other place to live. When I demanded my mother should stay in the same house, she has a right to stay, they started beating me. That is how they did not like me.

Q: You said they, who else beat you?
A: My step mother.

Q: So there was nobody else involved.
A: No.

Q: In total, how many times were you harmed by your stepmother?
A: She used to always beat me up when I came home, but only once she tried to choke and kill me.

Q: How many times has she threatened your life?
A: Three times.

Q: When was the first time you were threatened?
A: When I was going to celebrate my birthday at home.

Q: So November of last year?
A: Yes, November 5th. I brought my mother to celebrate my birthday with me, my step mother did not like that and slapped my mother. I shielded my mother and I she grabbed the knife that was for the cake. After that, my father sent me back to the hostel.

Q: When was the most recent time you were threatened?
A: January 31st.

Q: What happened that time?
A: It was my brothers birthday, I came home to see my brother a day or two early and was talking to my friends. My step mother took her slipper and hit me on my head, when I asked her why, she said you live where you like at the moment, if you come into my house I will kill you. After I kept my mother in the Hostel where I was studying.

A#: A201740749                                                    DATE: 08/14/19
NAME: KAUR, Jaspreet                                             AO: Tipton, CBP
COUNTRY: India                                                     OFFICE: ZAR

Q: Besides your stepmother, did anyone else ever threaten you in India?
A: No.

Q: In total, how many times were you physically harmed in India?
A: She choked me and hit me with a slipper.

Q: Anyone other than your stepmother physically harmed you?
A: No.

Q: Have you ever reported the harm or threats made by your stepmother to the police?
A: Yes, once

Q: What exactly did you tell the police?
A: She's abusing me, and tried to choke me to death.

Q: And what did they do?
A: They came to my house, my stepmother called her relative and nothing happened after that.

Q: What do you think would happen if you went to the police in another area?
A: If my step mother can change all documents of my mother into her name, she is capable of doing a lot.

**FUTURE HARM**

Q: What do you believe will happen to you if you return to India?
A: Nothing, I will die here or maybe I will die on the way, I do not want to get to the house.

Q: Do you think your stepmother would still want to harm you if you returned to India?
A: Yes

Q: Beside what we have already discussed, are you afraid to return to your country for any other reason?
A: No

Q: Have you ever lived anywhere else inside of India
A: No.

Q: If you and your mother were to go to another place in India, would you be safe from your stepmother?
A: No

A#: A201740749
NAME: KAUR, Jaspreet
COUNTRY: India

DATE: 08/14/19
AO: Tipton, CBP
OFFICE: ZAR

Q: Why do you say that?
A: We don't have the kind of money to start our life by ourselves. I will have to by force go live with relatives and they don't like us.

Q: Other than for economic reasons, is there any other reason you would not be safe from your stepmother in another part of India?
A: No.

Q: Why do your relatives not like you?
A: All my relatives are of my father, they do not like my mother.

Q: Your mother does not have any relatives in India?
A: No.

Q: You mentioned earlier that she threatened to kill you if you came to her house, what would happen if you just avoided your stepmother?
A: Because I must meet my father and my little brother.

Q: Does your father try and help you?
A: Yes, but my stepmother doesn't allow him to do that.

Q: So he cannot protect you?
A: No.

**CONVENTION AGAINST TORTURE**

I am going to ask you a series of questions regarding mistreatment at the hands of public officials and persons associated with public officials. It is important you understand what I mean when I say "public officials." Public officials are people who work with or for the government in your country and have some type of authority. Public officials may include people such as police officers, soldiers, mayors, prosecutors, judges, and other government officials and employees.

Q: Do you understand who may be referring to when I say "public officials"?
A: Yes

Q: Have you ever experienced any mistreatment, threats or harm at the hands of public officials or persons associated with public officials?
A: No.

Q: Do you believe you could be harmed by public officials or by someone operating with the consent or permission of public officials?

A#: A201740749                                          DATE: 08/14/19
NAME: KAUR, Jaspreet                                    AO: Tipton, CBP
COUNTRY: India                                          OFFICE: ZAR

A: Yes, maybe. My stepmother has relative in the police and they created some documents in the name of my mother but they transferred that to the name of my stepmother. At which time my stepmother harmed my mother, if that can happen to my mother, then my step mother can harm me.

Q: How did that harm your mother?
A: My mother was coming to my hostel to meet me, when my stepmother came to know if it an accident was organized with my mother. I was submitting my hostel documents to my school. My stepmother made some documents in the name of my mother which was illegal, my mother was involved in the accident, and I could not help her when she was in the hospital because there were two names against my mother.

Q: If the police were to see your stepmother harming you, what do you believe the police would do?
A: Nothing, she has relatives in the police, they will cover it up.

Q: Would the police prosecute her for harm against you?
A: No.

Q: Have you ever witnessed the police ignore crimes or harm caused by your stepmother to anyone else?
A: Yes, when I reported to them she wanted to kill me, my father was with me. So how much can he help me with all the background here if the police want to do something, she calls her relatives and everything is covered up. In India the police do so many wrong things by accepting money.

Q: Have you ever seen her give the police money?
A: No, but I heard about the police accepting money and not taking care of the case.

Q: Other than her relatives, does she have any other control over the police?
A: No

Q: What kind of position do her relatives hold within the police?
A: SHO, Station House Officer.

Q: What kind of areas do they cover, are they everywhere?
A: I do not know.

Q: Do they have control over other areas of India?
A: I do not know.

Q: Did you understand the questions I asked you about public officials?
A: Yes.

**NEXUS QUESTIONS**

A#: A201740749                                          DATE: 08/14/19
NAME: KAUR, Jaspreet                                    AO: Tipton, CBP
COUNTRY: India                                          OFFICE: ZAR

Now I am going to ask you some questions that every applicant is required to answer. Some of them may not apply to you, but please answer each with yes or no.

*In* India,

Q: Have you been threatened or harmed or do you fear being harmed because of your race or ethnicity?
A: No.

Q: Have you been threatened or harmed or do you fear being threatened or harmed because of your religious beliefs?
A: No

Q: Have you been threatened or harmed or do you fear being threatened or harmed because of your nationality?
A: No.

Q: Is there something unique or different about you that other people in your community don't like?
A: No.

Q: Were you a member of any groups or organization in India?
A: No.

Q: Have you ever been mistreated, threatened, or harmed by any member of your family or household, or a romantic partner?
A: Yes, my stepmother only, no one else.

Q: Has anyone in your family ever been threatened or physically harmed in your country?
A: No.

<u>POSSIBLE BARS</u>

Q: Have you ever harmed or helped somebody harm, another person?
A: No.

Q: Have you ever committed a crime in any country?
A: No.

Q: Have you been arrested, convicted, or sentenced for a crime anywhere?
A: No

A#: A201740749
NAME: KAUR, Jaspreet
COUNTRY: India

DATE: 08/14/19
AO: Tipton, CBP
OFFICE: ZAR

Q: Have you ever served in your country's police or military services?
A: No.

Q: Have you ever had any type of military or weapons training?
A: No.

Q: Have you ever belonged to any group that uses or encourages violence?
A: No.

Q: Even if you didn't want to, have you ever helped or supported any group that uses or encourages violence?
A: No.

Q: Have you ever been associated or affiliated with a gang, cartel, or drug traffickers in any way?
A: No

Q: The information you provided will be used to determine whether or not you will be permitted to make your case for asylum or withholding of removal before the Immigration Judge. The interpreter will read you a paragraph explaining the possible outcomes of your case.

[Interpreter read Paragraph 3.2 from I-870]

Q: Do you have any questions about what was just read?
A: No

SUMMARY OF MATERIAL FACTS

Q: Please give me a moment to summarize the information you provided during your interview, and then I'll read it back to you.

Q: I'm now going to read you a summary of your testimony. Since this is only a summary, it will not include everything that you've told me today, the details are recorded in my notes. Please let me read the whole thing, and then you'll have a chance to make any corrections or changes at the end.

You testified: You left India because you fear your stepmother. You feel you mother should be able to live in your home but your stepmother did not approve and beat you because of it. You stated you were harmed on two occasions by your stepmother, one time she choked you and the second she hit you in the head with her slipper. She also threatened to kill you if you came to her home. You feel you cannot go to the police because you stepmother has relatives that work in the police and they will not help you. You don't believe you can live in another part of India because you and your mother do not have the money to start over somewhere else.

A#: A201740749                                              DATE: 08/14/19
NAME: KAUR, Jaspreet                                         AO: Tipton, CBP
COUNTRY: India                                                  OFFICE: ZAR

Q: Is this summary of your testimony accurate?
A: Yes

Q: Is there anything else that you would like to tell me about your claim that we have not yet discussed?
A: No.

**CONCLUSION**

Q: Did you understand all the questions asked today?
A: Yes

Q: Did you understand the interpreter today?
A: Yes

Q: Interpreter did you have any trouble understanding the applicant?
A: No

Q: (To applicant) Do you have any other questions for me before we finish?
A: No

Thank you for sharing your experiences with me. This concludes your credible fear interview. I wish you the best of luck.

End Time: 1259 PM

**Record of Sworn Statement in Proceedings**
**under Section 235(b)(1) of the Act**

U.S. Department of Homeland Security

Office: **IMPERIAL, CA, BORDER PATROL STATION**    File No: **A201 740 749**
Event No: **ELS1906000080**

Statement by: **JASPREET KAUR**

In the case of: **JASPREET KAUR**

Date of Birth: **11/05/1999**    Gender (select one): [Male] Female

At: **IMPERIAL, CA, BORDER PATROL STATION**    Date: **June 10, 2019**

Before: **CHRISTIAN MIRAMONTES**    **Border Patrol Agent**
(Name and Title)

In the **PUNJABI** language. Interpreter **218167**    Employed by **LANGUAGE LINE SOLUTIONS**

I am an officer of the United States Department of Homeland Security. I am authorized to administer the immigration laws and to take sworn statements. I want to take your sworn statement regarding your application for admission to the United States. Before I take your statement, I also want to explain your rights, and the purpose and consequences of this interview.

You do not appear to be admissible or to have the required legal papers authorizing your admission to the United States. This may result in your being denied admission and immediately returned to your home country without a hearing. If a decision is made to refuse your admission into the United States, you may be immediately removed from this country, and if so, you may be barred from reentry for a period of 5 years or longer.

This may be your only opportunity to present information to me and the Department of Homeland Security to make a decision. It is very important that you tell me the truth. If you lie or give misinformation, you may be subject to criminal or civil penalties, or barred from receiving immigration benefits or relief now or in the future.

Except as I will explain to you, you are not entitled to a hearing or review.

U.S. law provides protection to certain persons who face persecution, harm or torture upon return to their home country. If you fear or have a concern about being removed from the United States or about being sent home, you should tell me so during this interview because you may not have another chance. You will have the opportunity to speak privately and confidentially to another officer about your fear or concern. That officer will determine if you should remain in the United States and not be removed because of that fear.

Until a decision is reached in your case, you will remain in the custody of the Department of Homeland Security.

Any statement you make may be used against you in this or any subsequent administrative proceeding.

Q: Are you willing to answer my questions at this time?
A: Yes.
 Q: Do you understand what I've said to you?
A: Yes.
 Q: Do you have any questions?
A: No.
 Q: Do you swear or affirm that all the statements you are about to make are true and complete?
A: Yes.
 Q: What is your true and correct name?
A: Jaspreet KAUR.
 Q: Have you ever used any other names or nicknames?
A: No.
 Q: Of what country are you a Citizen?
...(CONTINUED ON I-831)



Page 1 of 2    X _Jaspreet Kaur_    I-867A (08/01/07)

U.S. Department of Homeland Security

Continuation Page for Form _____ **I867A**

| Alien's Name<br>JASPREET KAUR | File Number<br>A201 740 749<br>Event No:ELS1906000080 | Date<br>June 10, 2019 |
|---|---|---|

A: India.
Q: When and where were you born?
A: On 11/05/1999, born in Haryana, India.
Q: On what date did you last enter the United States?
A: On 06/05/2019, at approximately 12:31 a.m.
Q: Are your parents also natives and citizens of India?
A: Yes.
Q: Have your parents ever applied for or received any U.S. Immigration Documents allowing them to apply for entry, remain, or pass through the United States?
A: My parents applied for Tourist Visas in 2013, but were denied.
Q: Have they ever been to the United States before?  If so, then when?
A: No.
Q: Do either of your parents claim any legal status in the United States?
A: No.
Q: Have you ever applied for or received any U.S. Immigration Documents allowing you to apply for entry, remain, or pass through the United States?
A: I applied for a Tourist Visa in 2013, but was denied.
Q: What is your current foreign address?
A: Village Siana Saidan, Kurukshatra, Haryana, India.
Q: How and where did you enter into the United States the last time?
A: I climbed the fence through Mexicali.
Q: What was your destination in the United States?
A: California.
Q: For what purpose did you come to the United States?
A: I fear going back home because of family problems.
Q: For what length of time did you plan to stay in the United States?
A: Forever.
Q: Would you like to speak with a consular official of your country?
A: No.
Q: Do you have any fear of persecution or torture should you be removed from the United States?
A: Yes.
Q: Would you like to add anything else to this statement?
A: No.

| Signature<br>CHRISTINA MIRAMONTES | Title<br>Border Patrol Agent |
|---|---|

X Jasprut                    2 of 2 Pages

**Jurat for Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act**

U.S. Department of Homeland Security

---

Q: Why did you leave your home country or country of last residence?

A. I FEAR GOING BACK HOME BECAUSE OF FAMILY PROBLEMS.

Q. Do you have any fear or concern about being returned to your home country or being removed from the United States?

A. YES.

Q. Would you be harmed if you are returned to your home country or country of last residence?

A. YES.

Q. Do you have any question or is there anything else you would like to add?

A. NO.

I have read (or have had read to me) this statement, consisting of __1__ pages (including this page). I state that my answers are true and correct to the best of my knowledge and that this statement is a full, true and correct record of my interrogation on the date indicated by the above named officer of the Department of Homeland Security. I have initialed each page of this statement (and the corrections noted on page(s)_____).

Signature: JASPREET KAUR

Sworn and subscribed to before me at IMPERIAL, CA, BORDER PATROL STATION
on June 11, 2019 .

CHRISTIAN MIRAMONTES
Border Patrol Agent
Signature of Immigration Officer

Witnessed by:

I-867B (08/01/07)

U.S. Department of Homeland Security

# Notice and Order of Expedited Removal

## DETERMINATION OF INADMISSIBILITY Event No:ELS1906000080

File No: A201 740 749

Date: June 10, 2019

In the Matter of: **JASPREET   KAUR**

Pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(1)), the Department of Homeland Security has determined that you are inadmissible to the United States under section(s) 212(a) ☐ (6)(C)(i); ☐ (6)(C)(ii); ☒ (7)(A)(i)(I); ☐ (7)(A)(i)(II); ☐ (7)(B)(i)(I); and/or ☐ (7)(B)(i)(II) of the Act, as amended, and therefore are subject to removal, in that:

1.  You are not a citizen or national of the United States.
2.  You are a native of INDIA and a citizen of INDIA
3.  On or about June 5, 2019, you illegally entered the United States at or near Calexico, California, and you were not inspected by an Immigration Officer.
4.  You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act.

**CHRISTIAN MIRAMONTES**

Border Patrol Agent
Name and title of immigration officer (Print)

Signature of immigration officer

## ORDER OF REMOVAL
## UNDER SECTION 235(b)(1) OF THE ACT

Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

**J. REDONDO, SDDO**
Name and title of immigration officer (Print)

**M. ORTEGA**
**4113    SDDO**
Name and title of supervisor (Print)

Signature of immigration officer

Signature of supervisor, if available

☐ Check here if supervisory concurrence was obtained by telephone or other means (no supervisor on duty).

## CERTIFICATE OF SERVICE

I personally served the original of this notice upon the above-named person on _____ **AUG 3 0 2019**
(Date)

Signature of immigration officer

Form I-860 (Rev. 08/01/07)

**Part 4. Client's Consent to Representation and Signature (continued)**

**Options Regarding Receipt of USCIS Notices and Documents**

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery. USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select all applicable items below. You may change these elections through written notice to USCIS.

**1.a.** ☐ I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form.

**1.b.** ☐ I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

NOTE: If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative. If you would rather have your Form I-94 sent directly to you, select Item Number 1.c.

**1.c.** ☐ I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

**Signature of Client or Authorized Signatory for an Entity**

**2.a.** Signature of Client or Authorized Signatory for an Entity
➡ Jaspreet Kaur

**2.b.** Date of Signature (mm/dd/yyyy)    11/13/2019

**Part 5. Signature of Attorney or Accredited Representative**

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

**1.a.** Signature of Attorney or Accredited Representative

**1.b.** Date of Signature (mm/dd/yyyy)    11/13/2019

**2.a.** Signature of Law Student or Law Graduate

**2.b.** Date of Signature (mm/dd/yyyy)